# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39918 (rem)**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Javon C. RICHARD**
Airman Basic (E-1), U.S. Air Force, *Appellant*

———————————

On Remand from
The United States Court of Appeals for the Armed Forces

Decided 6 September 2023

———————————

*Military Judge*: Christopher M. Schumann.

*Sentence*: Sentence adjudged on 10 January 2020 by GCM convened at Davis-Monthan Air Force Base, Arizona. Sentence entered by military judge on 14 February 2020: Bad-conduct discharge and confinement for 30 days.

*For Appellant*: Major Matthew L. Blyth, USAF.

*For Appellee*: Major Morgan R. Christie, USAF; Captain Olivia B. Hoff, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, CADOTTE, and GRUEN, *Appellate Military Judges*.

Chief Judge JOHNSON delivered the opinion of the court, in which Senior Judge CADOTTE and Judge GRUEN joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

JOHNSON, Chief Judge:

Appellant's case is before this court for the second time. A general court-martial composed of officer and enlisted members found Appellant guilty, contrary to his pleas, of one specification of assault consummated by a battery, in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928; and one specification of wrongfully possessing child pornography on divers occasions, one specification of wrongfully distributing child pornography on divers occasions, and one specification of wrongfully producing child pornography on divers occasions, in violation of Article 134, UCMJ, 10 U.S.C. § 934.[1,2] The court members sentenced Appellant to a bad-conduct discharge and confinement for 30 days. The convening authority took no action on the findings or the adjudged sentence, and the military judge duly entered the judgment of the court-martial.

In his initial appeal to this court, Appellant raised six assignments of error, including *inter alia* that his convictions for wrongfully possessing, distributing, and producing child pornography were legally and factually insufficient. *See United States v. Richard*, No. ACM 39918, 2021 CCA LEXIS 632, at *2 (A.F. Ct. Crim. App. 24 Nov. 2021) (unpub. op.), *rev'd in part*, 82 M.J. 473, 479 (C.A.A.F. 2022). This court affirmed the findings and sentence. *Id.* at *54.

The United States Court of Appeals for the Armed Forces (CAAF) granted review and reversed this court's opinion in part. *United States v. Richard*, 82 M.J. 473, 479 (C.A.A.F. 2022). The CAAF "set aside and dismissed" the "findings with respect to those specifications for production, possession, and distribution" of child pornography; "affirmed" this court's decision "as to the remaining charge" of assault consummated by a battery; and returned the record for remand to this court "to either reassess the sentence based on the affirmed findings or order a sentence rehearing." *Id.*

On remand to this court, the parties submitted briefs addressing whether this court should reassess the sentence or order a rehearing on the sentence. We conclude that reassessment is appropriate, and we take corresponding action in our decretal paragraph.

## I. BACKGROUND

Appellant, then a 20-year-old Airman stationed at Ramstein Air Base (AB), Germany, initiated a sexual relationship with IB, then a 16-year-old German

---

[1] References to the punitive articles of the UCMJ are to the *Manual for Courts-Martial, United States* (2016 ed.). Unless otherwise indicated, all other references to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] The court members found Appellant not guilty of ten other specifications of various offenses.

citizen, in the fall of 2016. In January 2017, Appellant deployed until July 2017; Appellant and IB resumed their sexual relationship after Appellant returned to Germany.[3]

At several points in time, IB suspected Appellant was also engaging in sexual relationships with other individuals, which caused multiple arguments between her and Appellant. After one such argument in early December 2017, IB—who was 17 years old at that time—went out for an evening with friends and without Appellant. Appellant called IB and told her to go home, but she refused and turned off her phone. Appellant then sent IB misleading messages and a photo of a wrecked car, pretending that he had been in an accident in order to manipulate IB into meeting him. IB eventually saw the messages the following morning and traveled to a train station near Ramstein AB, where Appellant met her. Appellant and IB had a conversation in Appellant's car that turned into an argument. Appellant became angry and began striking the dashboard in front of IB with his hand. When IB tried to push Appellant's hands away from the dashboard, Appellant hit IB on the shoulder with his fist. IB began crying and tried to leave the car. Appellant prevented her from doing so by driving to another location, where the argument continued. When IB again tried to leave the vehicle, Appellant held on to her to prevent her from exiting. IB struggled against him, including biting him on the arm, and was able to get out of the car, but the argument continued outside. At a later point during this incident IB threw her phone at Appellant, striking him in the face.

Despite this incident, Appellant and IB continued their relationship until Appellant was transferred to Davis-Monthan Air Force Base, Arizona, around the beginning of January 2018. Appellant's relationship with IB, including the incident above, later came to the attention of the Air Force Office of Special Investigations in the course of an investigation resulting from allegations against Appellant by another individual in Arizona.

## II. DISCUSSION

### A. Law

Under Article 59(a), UCMJ, 10 U.S.C. § 859(a), a court-martial sentence may not be held incorrect by virtue of legal error "unless the error materially prejudices the substantial rights of the accused." If a Court of Criminal Appeals (CCA) can conclude that an adjudged sentence would have been of at least a certain severity absent any error, "then a sentence of that severity or less will

---

[3] This court's original opinion provides a more extensive background to Appellant's court-martial. *See Richard*, unpub. op. at *2–7. For purposes of this opinion, a more abbreviated background focused on Appellant's remaining conviction for assault consummated by a battery against IB is sufficient.

be free of the prejudicial effects of error; and the demands of Article 59(a)[, UCMJ,] will be met." *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986).

CCAs have broad discretion first to decide whether to reassess a sentence, and then to arrive at a reassessed sentence. *United States v. Winckelmann*, 73 M.J. 11, 12 (C.A.A.F. 2013). In deciding whether to reassess a sentence or return a case for a rehearing, we consider the totality of the circumstances including the following factors: (1) "[d]ramatic changes in the penalty landscape and exposure;" (2) whether the appellant was sentenced by court members or a military judge; (3) "[w]hether the nature of the remaining offenses capture[s] the gravamen of criminal conduct included within the original offenses and . . . whether significant or aggravating circumstances addressed at the court-martial remain admissible and relevant to the remaining offenses;" and (4) "[w]hether the remaining offenses are of the type that judges of the [CCAs] should have the experience and familiarity with to reliably determine what sentence would have been imposed at trial." *Id.* at 15–16 (citations omitted). These factors are "illustrative, but not dispositive, points of analysis" to be considered as part of "the totality of the circumstances presented." *Id.* at 15.

## B. Analysis

The remaining specification of which Appellant has been convicted alleges Appellant struck IB on her shoulder and grabbed IB with his hand, on or about 2 December 2017 at or near Kaiserslautern, Germany, in violation of Article 128, UCMJ.

Appellant and the Government both contend this court should reassess the sentence rather than remand the case for a rehearing on the sentence. The parties agree that although the first three *Winckelmann* factors weigh in favor of a rehearing, the fourth *Winckelmann* factor and additional considerations tip the balance of the totality of the circumstances in favor of reassessment. We agree.

With respect to the *Winckelmann* factors, we find the CAAF's set-aside of the three child pornography specifications has resulted in a dramatic change to the penalty landscape. To use one relevant measurement, the maximum confinement and most severe punitive discharge were reduced from 60 years and 6 months and a dishonorable discharge to 6 months and a bad-conduct discharge, respectively. In addition, Appellant was sentenced by court members rather than by a military judge; in *Winckelmann*, the CAAF explained that "[a]s a matter of logic, judges of the [CCAs] are more likely to be certain of what a military judge would have done as opposed to members," and therefore this factor favors rehearing. *Id.* at 16. Furthermore, the remaining offense

of assault consummated by a battery during an argument between sexual partners, although involving the same minor victim as the set-aside convictions, does not capture the gravamen of the child pornography production, distribution, and possession specifications. The child pornography specifications allege offenses significantly more serious and of a different character than the remaining specification. On the other hand, as to the fourth *Winckelmann* factor, the remaining Article 128, UCMJ, offense is of a type that the judges of this court are familiar with, which weighs in favor of reassessment.

Recognizing the *Winckelmann* factors are not dispositive, but illustrative considerations to be assessed alongside the other circumstances arising in each case, we agree with the parties that other considerations favor reassessment in this case. First, as Appellant observes, the relatively limited sentence the court members initially imposed—a bad-conduct discharge, only 30 days of confinement, and no other punishments—narrows the scope and simplifies our reassessment analysis. In addition, as this court previously observed, "[w]here we may reliably determine what sentence would have been imposed at Appellant's court-martial absent the error, without requiring another court-martial proceeding and additional appellate review, reassessment also serves the interests of judicial efficiency and finality." *United States v. Simmons*, No. ACM 39342 (rem), 2022 CCA LEXIS 315, at *9 (A.F. Ct. Crim. App. 26 May 2022) (unpub. op.) (first citing *United States v. Johnson*, 45 M.J. 88, 90 (C.A.A.F. 1996); and then citing *Winckelmann*, 73 M.J. at 15), *rev. denied*, 83 M.J. 48 (C.A.A.F. 2022). Furthermore, and significantly, in this case both parties believe the court can accurately reassess the sentence, and both specifically request reassessment rather than a rehearing. Accordingly, we find reassessment is appropriate in this case.

Although the parties agree reassessment is appropriate, they disagree as to what the reassessed sentence should be. The Government contends we should reassess the punishment to be the same as that originally adjudged by the court members—a bad-conduct discharge and confinement for 30 days. Appellant, in contrast, contends this court should reassess the sentence to 30 days of confinement. In fact, Appellant asserts if this court "reassesses to 30 days' confinement and no other punishment, [Appellant] explicitly waives any challenge to the sentence's appropriateness, whether the reassessment was correct, or whether this [c]ourt has adequately effectuated CAAF's mandate on remand."

In reassessing a sentence, we are not at liberty to simply defer to the recommendations of the parties. Our task is to determine, based on the totality of the circumstances, a sentence no greater than that which the court members would have imposed at Appellant's court-martial had they sentenced him for the Article 128, UCMJ, specification alone. Having carefully considered the

circumstances of the case, we are convinced the court members would have imposed confinement, but we are not convinced they would have imposed at least 30 days of confinement, a bad-conduct discharge, or any other form of punishment. We conclude Appellant's sentence should be reassessed to confinement for ten days.

## III. CONCLUSION

The findings of guilty as to Charge III and Specification 4 of Charge III were previously affirmed. We reassess the sentence to confinement for ten days. The sentence as reassessed is correct in law and fact, and no additional error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). The sentence as reassessed is **AFFIRMED**.



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court